Case 4:19-cv-03800   Document 31   Filed on 06/23/20 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
June 23, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE ROBIN EDWARDS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3800 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas lawsuit challenging the revocation of his parole and his return to prison. Respondent filed a motion for summary judgment (Docket Entry No. 14), to which petitioner filed a response (Docket Entry No. 21).

Having reviewed the motion, the response, the record, matters of public court record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Background and Claims*

The state court[1] and hearing records[2] show that petitioner was convicted of the unauthorized use of a motor vehicle and sentenced to thirty years' imprisonment on

---

[1] *Ex parte Edwards*, Cause No. 648779-K, 184th District Court of Harris County, Texas, Mar. 27, 2019; *Ex parte Edwards*, WR-24,931-17 (Tex. Crim. App.). *See also Edwards v. State*, 883 S.W.2d 692 (Tex. App. – Texarkana 1994, pet. ref'd).

[2] Docket Entry No. 14-2, Exhibit A.

November 6, 1992. He was released to parole on June 30, 2010, and arrested pursuant to a pre-revocation warrant on November 18, 2018. Petitioner was notified of his rights in the revocation proceeding and of the alleged violations on November 19, 2018. A revocation hearing was held on December 6, 2018, and petitioner's parole was revoked two days later, on December 8, 2018. Petitioner was notified in writing of the evidence relied on and the reasons for revocation on December 10, 2018.

Petitioner's subsequent application for state habeas relief was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. He timely filed the instant petition, raising the following grounds for relief:

(1) He was denied a written statement as to the evidence relied on and the reasons for revoking parole;

(2) A parole revocation hearing officer was biased;

(3) He was denied his rights to effective assistance of counsel and to present witnesses; and

(4) He was denied counsel on the appeal of his parole revocation.

Respondent argues that the habeas petition has no merit and should be dismissed.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as

2

determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

3

*Id.*, at 102–03 (emphasis added; internal citations omitted).

AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule

4

that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## *Analysis*

It is well established that parole revocation proceedings are not criminal prosecutions. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."). Such proceedings must nevertheless comport with minimum due process requirements. *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973); *Morrissey*, 408 U.S. at 484–90.

In the parole revocation hearing context, the minimum due process requirements are: (1) written notice of the alleged parole violations; (2) disclosure to the parolee of the evidence against him; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) the conditional right to cross-examine and confront witnesses; (5) a neutral decision-maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole. *Gagnon*, 411 U.S. at 786; *Morrissey*, 408 U.S. at 488–89. As long as the proceeding meets the six requirements listed above, the parolee has received federal constitutional due process.

5

Petitioner claims that he was denied due process in his parole revocation proceedings in the following particulars.

*Denial of Written Statement*

Petitioner contends that he was denied a written statement of the evidence relied upon and the reasons for revoking his parole.

In rejecting this claim, the state trial court on collateral review made the following relevant findings of fact:

14. The trial court finds that in his first ground for relief, the Applicant alleges that he was denied a written statement outlining the evidence the parole board relied upon to revoke his parole.

15. Applicant further alleges that the board never provided him with notice of the evidence they relied upon to reach their decision and, therefore, deprived him of the opportunity to adequately appeal their decision.

16. The trial court finds that on November 19, 2018, Applicant entered a plea of guilty to the class B misdemeanor offense of Failure to Identify to a Peace Officer.

17. Applicant's Writ Exhibits A1 and A2 demonstrate [he] was provided with notice regarding the reason for the revocation of his parole.

18. Applicant's Writ Exhibit Al indicates that he failed to reside at a specified place as approved by Qiana Johnson, the Applicant's supervising parole officer.

19. Applicant's Writ Exhibit A1 also indicates that he committed a new law violation and then refers to [his] conviction for Failure to Identify to a Peace Officer by referencing that case's cause number.

6

> 20. The trial court finds Applicant's allegation in his first ground for relief that he was not given notice of the reason for the revocation of his parole to be without merit.

*Ex parte Edwards*, Cause No. 648779-K, 184th District Court of Harris County, Texas, Mar. 27, 2019. The state trial court also made the following relevant conclusion of law:

> 1. Regarding Applicant's first ground for relief, based on [his] own evidence, Applicant appears to have received a written statement from the fact finder regarding the evidence that was relied upon to revoke his parole as demonstrated by the exhibits to [his] writ.

*Id*. Public online records for the Texas Court of Criminal Appeals show that it denied petitioner habeas relief in reliance on the trial court's findings without a hearing. *Ex parte Edwards*, WR-24,931-17.

Petitioner's conclusory assertion of not receiving a copy of the fact finder's written statement is not supported in the record and is insufficient to warrant habeas relief. Indeed, in his response to the motion for summary judgment, petitioner contends that there may have been enough evidence to establish a parole violation, but no reasons were stated as to why he was returned to prison in lieu of being assigned to an intermediate sanction facility ("ISF"). (Docket Entry No. 21, p. 3.) No due process violation is alleged, as *Morrisey* does not entitle a parolee to a written explanation of a decision to return a him to prison in lieu of an ISF following revocation.

The state court rejected petitioner's claim on state habeas review. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on

7

the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Biased Hearing Officer*

Petitioner next asserts that his parole revocation hearing officer was unlawfully biased against him. In support, he claims that his parole was revoked even though the evidence did not warrant his being sent back to prison, and that a witness testified that petitioner was homeless because he put petitioner out of his house.

In rejecting this claim, the state trial court on collateral review made the following relevant findings of fact:

> 21. In his second ground for relief, Applicant argues that he was denied a neutral hearing officer because his hearing officer, Joel Butler, commented that Applicant "had to [*sic*] many violations and needed to go to TSF."
>
> 22. Applicant also states that he informed Mr. Butler that he was hearing voices and "missed his medication" which is why he failed to return to the South Texas Transitional Center, and subsequently committed the offense of Failure to Identify to a Peace Office.
>
> 23. As of August 31, 2018, Applicant has had fourteen (14) prior parole warrants issue.
>
> 24. Applicant's revocation proceeding was before a three (3) person board.
>
> 25. Applicant's writ fails to establish how this [board] was biased outside of the Applicant's own conclusory, sworn to allegations.

*Ex parte Edwards*, Cause No. 648779-K, 184th District Court of Harris County, Texas, Mar. 27, 2019. The trial court also made the following relevant conclusion of law:

8

> 2. Regarding Applicant's second ground for relief, Applicant fails to demonstrate that his review panel was biased. Additionally, Applicant cannot demonstrate that his panel was biased simply because the panel refused to allow [him] to relitigate the Failure to Identify to a Peace Officer conviction the panel was relying upon for revocation.

*Id*. Public online records for the Texas Court of Criminal Appeals show that it denied petitioner habeas relief in reliance on the trial court's findings without a hearing. *Ex parte Edwards*, WR-24,931-17.

Petitioner's allegations of bias are conclusory and unsupported in the record. Moreover, his disagreements with the results of the hearing and the decisions to revoke his parole and return him to prison do not demonstrate the denial of a neutral hearing officer. Petitioner had no overriding right to be sent to an ISF following parole revocation. The record shows that the revocation and placement decisions were made by a neutral decision maker who relied on evidence appearing in the record. (Docket Entry No. 14-2, Exhibit A.) Petitioner presents no probative summary judgment evidence of bias, and his conclusory allegations are insufficient to preclude the granting of summary judgment in favor of the respondent.

The state court rejected petitioner's claim on state habeas review. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Claims Regarding Assistance of Counsel*

Petitioner argues that he was denied his right to the effective assistance of counsel at the revocation hearing because his counsel failed to subpoena a particular medical witness. He further claims that he was unlawfully denied counsel for purposes of appealing the parole revocation.

The trial court rejected these arguments, concluding that, "Regarding Applicant's third and fifth grounds for relief, Applicant is not entitled to representation at a parole revocation hearing, let alone effective representation." *Ex parte Edwards*, Cause No. 648779-K, 184th District Court of Harris County, Texas, Mar. 27, 2019. Public online records for the Texas Court of Criminal Appeals show that it denied petitioner habeas relief in reliance on the trial court's findings without a hearing. *Ex parte Edwards*, WR-24,931-17.

Petitioner raises no cognizable habeas claim. A parolee has no absolute right to counsel during parole revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Carrillo*, 660 F.3d 914, 925 (5th Cir. 2011) (explaining that "parolees are not automatically entitled to appointed counsel at revocation hearings"). Rather, the decision to appoint counsel is left to the sound discretion of the state authority charged with the responsibility of administering the parole system. *Gagnon*, 411 U.S. at 790–91. Because petitioner was not entitled to counsel, he was not entitled to the effective assistance of counsel, and no constitutional issue is raised. No applicable

federal law currently recognizes a parolee's constitutional right to the effective assistance of counsel in a parole revocation hearing.

Moreover, neither the United States Supreme Court nor the Fifth Circuit Court of Appeals has recognized a parolee's constitutional right to counsel for purposes of appeal following parole revocation. In enumerating the due process rights afforded parolees in revocation proceedings, *Morrisey* did not include a right to counsel, either as to the hearing itself or its appeal.

Due to this lack of clearly established federal law, petitioner does not show "that the state court's ruling on the claim being presented in federal court [is] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Even assuming a constitutional right to the effective assistance of counsel were to exist in context of parole revocation, petitioner fails to establish that his attorney was ineffective in not subpoenaing petitioner's mental health provider for the hearing. It was petitioner's intent to show, through the provider's testimony, that petitioner was convicted of failing to identify himself to a police officer because his medication was incorrect. However, petitioner had pleaded guilty to the misdemeanor offense as of the date of the revocation hearing. Moreover, petitioner presents no probative summary judgment evidence of the testimony his mental health provider would have provided. Petitioner does not show that, but for counsel's failure to present the testimony, there is a

reasonable probability that the result of the parole revocation hearing would have been different.

The state court rejected petitioner's claims on state habeas review. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 14) is GRANTED and this case is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on June 23, 2020.

Gray H. Miller
Senior United States District Judge